BURDETT and others *v.* WILLIAMS and another.[1]

*(District Court, D. Connecticut. December 31, 1886.)*

ADMIRALTY—NEW TRIAL—MOTION—FACTS NOT ORIGINALLY PRESENTED.
    A motion for a new trial will be refused if the conclusion originally reached is, after the presentation of new facts, still adhered to.

In Admiralty. Motion for new trial. Reported 27 Fed. Rep. 113.
*E. L. Barney,* for the motion.
*Samuel Park,* against the motion.

SHIPMAN, J. This is a motion for a new trial in the above-entitled cause. The facts were stated in the opinion of the court. 27 Fed. Rep. 113. The strong and vigorous argument of the counsel for the libelants endeavored to establish the position that on October 4, 1884, the voyage was not turned into and did not become a whaling voyage, but that, by reason of the detention of 20 or 25 days in the ice in July, 1884, and the delay in September, on account of the services to the Isabella's crew, the proposed whaling voyage was frustrated; and that the stop to whale for 20 days on the return from Cumberland inlet was a mere incident, which did not cause the freighting voyage to come to an end. This particular phase of the case was not presented upon the trial as vigorously as it was upon the motion, but I cannot see that the conclusions to which I came originally are incorrect.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

If not enough freight was received to fill the vessel, the contract provided that "our wages are to cease, and we are to stop to whale at New Gunenke, or elsewhere, and receive" a lay in lieu of wages. The vessel did not obtain a sufficient quantity of freight, did stop for the purpose of whaling, and tried to obtain whales until October 24th, when, on the point of starting for home, she was compelled to stay by stress of weather. The captain would not have been endeavoring to do his duty towards the owners if he had started for home on October 4th without trying to whale, and had thus virtually abandoned his undertaking; for if the vessel was not to return with freight, a whaling voyage was to be attempted. If she had left the straits on October 24th, and returned to New London, it would hardly have been contended that the monthly wages did not stop on October 4th. The conditions upon which the men were to receive a lay had taken place, and the unfortunate termination of the voyage by reason of having obtained no catchings, either in the fall of 1884 or during the season of 1885, ought not to change the pecuniary relations of the parties.

The fact that the sailors are poor, and that poverty, in a contest with wealth, always enlists the sympathy of the triers, ought not to induce the court to strain the facts in order to permit the sailors to receive some compensation for the hardships which they endured.

The new facts which were presented do not seem to me to vary the original case materially. The motion is denied.